IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL L. BUESGENS              *
      Plaintiff,
    v.                              *   CIVIL ACTION NO. DKC-07-1363

CHRISTINE C. FREELAND, et al.    *
      Defendants.
                                 ***

**MEMORANDUM**

On May 21, 2007, Plaintiff, a resident of Austin, Texas, filed this fee-paid, *pro se* 42 U.S.C. § 1983 civil rights action for damages and miscellaneous relief complaining of "discrimination, retaliation, denial of due process rights under the Fourteenth Amendment and low income housing tax credit property- senior community."[1]  Paper No. 1.  Plaintiff lists approximately 41 Defendants. When separating the chaff from the wheat, it appears that Plaintiff is complaining that he was denied housing accommodations at and was wrongly evicted from housing complexes located in Austin, Texas.[2]  Plaintiff also alleges that his eviction was subject to trial in the Travis County Court in Austin, Texas[3] and that a complaint was filed with the Department of Housing and Urban Development ("HUD").[4]  *Id*.  On June 1, 2007, Plaintiff filed a Supplemental Complaint in which he references previous court litigation and correspondence sent to individuals regarding his tenancy. Paper No. 2.  Extensive exhibits are attached.  *Id*.

Assuming, *arguendo,* that there is federal subject matter jurisdiction over the claims

---

[1] Within the body of his Complaint, Plaintiff invoked the Americans With Disabilities Act, Rehabilitaiton Act, and the Fair Housing Act.  Paper No. 1.

[2] The alleged violations occurred at the Village of Collinwood and Falcon Ridge Apartments.

[3] Plaintiff also complains that some of the Defendants failed to appear at trial, submitted perjured testimony, and committed attorney misconduct and negligence.  Paper No. 1

[4] A number of officers and officials with HUD, from both Texas and the District of Columbia, are named as Defendants.  Paper No. 1.

presented herein, the court deems it appropriate to transfer the instant action pursuant to 28 U.S.C. § 1404(a).[5]

Under 28 U.S.C. § 1391(b), a civil action that is not founded solely on diversity of citizenship may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred....., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. The actions about which Plaintiff complains occurred in Austin, Texas, the majority of Defendants reside in Texas,[6] and matters related to this case were seemingly litigated in Texas.[7] Accordingly, in the interests of justice, this case shall be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Texas for all further proceedings.[8]

Date:    June 5, 2007                                      /s/
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge

---

[5] In so ruling, this court will not comment on the merit of Plaintiff's claims against the named parties.

[6] Approximately 32 of the named Defendants are residents of Texas. Only Defendants Freeland and Riverstone have a listed residence in Maryland.

[7] In addition to the state court case addressed by the Plaintiff, the docket for the U.S. Courts shows that Plaintiff previously filed a civil rights complaint against Falcon Ridge Apartments and a number of Defendants listed in this case. *See Buesgens v. Falcon Ridge Apartments, et al.*, Civil Action No. LY-06-226 (W.D. Texas 2006). That case was dismissed prejudice on December 20, 2006, by U.S. District Court Judge Lee Yeakel.

[8] Plaintiff states that because there is a "large number of inhabitants - parties in interest - political money - [he] cannot file suit in Texas." Paper No. 1 at 32. He argues that venue is not proper in Texas and asks that this court take review of the matter in the interest of justice. *Id.* For the reasons articulated herein, this court declines to take review of the matter